1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

PATRICK WILLIAMS,

      )   Case No.: 1:20-cv-01143-JLT (HC)

12

     Petitioner,

)
)   ORDER DISMISSING PETITION WITH LEAVE
)   TO FILE A FIRST AMENDED PETITION

13

v.

)
)

14

UNITED STATES DISTRICT COURT,

)   [THIRTY-DAY DEADLINE]
)

15

     Respondent.

)
)

16

_____)

17

     Petitioner filed a Petition for Writ of Habeas Corpus on August 18, 2020.  (Doc. 1.)  A

18

preliminary screening of the petition reveals that the petition is largely incomplete and fails to present

19

any cognizable grounds for relief or any facts in support, fails to demonstrate exhaustion of state

20

remedies, and fails to name a proper respondent.  Therefore, the Court will DISMISS the petition with

21

leave to file an amended petition.

22

**I.**      **DISCUSSION**

23

     A.     Preliminary Review of Petition

24

     Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

25

review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

26

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

27

the district court. . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

28

Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

1

either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B.     Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).  In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner has submitted a petition that is largely incomplete and has failed to comply with Rule 2(c) by failing to specify any ground for relief or the facts supporting his claims. Rule 2(c) requires that each ground for relief be clearly stated, along with providing specific factual allegations that support the grounds for relief. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). Additionally, Petitioner fails to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable

application of, clearly established Supreme Court authority. Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed.

### C.      Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Petitioner has left the petition largely incomplete and has not indicated whether he may have exhausted his state remedies by first seeking relief in the state courts. In his amended petition, Petitioner should clearly set forth whether he has sought relief for his claims in any state court.

### D.      Failure to Name a Proper Respondent

Petitioner names the United States District Court as respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state

correctional agency.  Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In any amended petition, Petitioner must name a proper respondent.

## II.     ORDER

Accordingly, the Court **ORDERS**:

1)   The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim, failure to exhaust state remedies, and failure to name a proper respondent;

2)   Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition; and

3)   The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.


IT IS SO ORDERED.

Dated:   **August 20, 2020**           **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

4